[No. 25395. Department One. December 19, 1934.]

THE STATE OF WASHINGTON, *on the Relation of John B. Orton, Plaintiff*, v. THE SUPERIOR COURT FOR GRAYS HARBOR COUNTY *et al.*, *Respondents.*[1]

*F. W. Loomis,* for relator.

*R. E. Taggert* and *A. D. Gillies,* for respondents.

MAIN, J.—This case involves the construction of chapter 85 of the Laws of 1933, p. 385 (Rem. 1934 Sup., §§ 5213-1, 5213-2 [P. C. §§ 2259-1, 2259-2]), which covers the matter of the nomination and election of justices of the peace.

In Aberdeen precinct, in Grays Harbor county, there are two justices of the peace. For the primary election held September 11, 1934, the county auditor designated upon the ballot for justice of the peace position No. 1 and position No. 2. All candidates

[1]Reported in 39 P. (2d) 595.

filing their declarations were required to file for one or the other of the positions thus designated. One candidate filed for position No. 1, and two candidates filed for position No. 2.

Sometime after the primary election and before the printing of the ballots for the general election held November 6, 1934, the auditor sought an opinion of the *Attorney General* of the state, and was informed that there was no provision in the law authorizing him to designate positions for the office of justice of the peace. The auditor then was proposing to print upon the general election ballot the names of all three of the candidates. The candidate that filed for position No. 1 and the candidate that had the greater number of votes for position No. 2 brought an action to require the auditor to print their names upon the general election ballot, and to prohibit him from placing thereon the name of any other candidate. The trial court sustained this position, and entered a judgment accordingly.

This judgment was brought here for review, and on October 25, 1934, an order was filed which recited that the judgment was reversed; that all three of the candidates' names should be printed on the general election ballot; and that, owing to the emergency of the situation, the matter would not be delayed until a formal opinion could be written. The general election was approaching, and the auditor was holding back the printing of the ballots until he could be informed of the decision of this court.

■■ It is plain that chapter 85 of the Laws of 1933, p. 385 (Rem. 1934 Sup., §§ 5213-1, 5213-2 [P. C. §§ 2259-1, 2259-2]), above mentioned, makes no provision for the filing of candidacies for the office of justice of the peace by positions; in other words, it does not authorize the county auditor, where two are

to be elected, to designate, either upon the primary election ballot or upon the general election ballot, the positions to be filled as position No. 1 and position No. 2. There seems to be little controversy over this question, but it is said that, since the candidate receiving the lesser number of votes for position No. 2 acquiesced in the action of the county auditor in designating the positions for the primary election, he could not thereafter be heard to say that the general election ballot should not be printed in the same way.

The fact that the county auditor misinterpreted the law in designating the places upon the primary ballot as position No. 1 and position No. 2 does not, as it appears to us, furnish any legal basis for requiring the auditor to again disobey the law in the printing of the general election ballot. This was a matter in which the voters of Aberdeen precinct were interested, and they had a right to have the general election ballots printed in the manner which the law requires. The fact that the candidate having the fewer number of votes for position No. 2 did not contest the matter before the primary election does not work an estoppel against having the ballots for the general election properly printed.

As recited in the order, the judgment of the trial court was reversed.

BEALS, C. J., MILLARD, and GERAGHTY, JJ., concur.

TOLMAN, J. (dissenting)—In my opinion, relator, by his delay, created a situation which he should be held estopped to now attack.